IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GENESIS AIR, LLC, and
WILBUR O. COLOM                                                                    PLAINTIFFS

V.                                                              CAUSE NO. 1:09-CV-308-SA-JAD

UNITED STATES OF AMERICA,
NELSON SMITH, and HICKS & SMITH, PLLC                              DEFENDANTS

## MEMORANDUM OPINION

Before the Court is a Motion to Dismiss [26] filed by Defendants Nelson Smith and Hicks & Smith, PLLC. For the following reasons, the Court DENIES said motion.

## BACKGROUND FACTS

Nelson Smith Jr., a member of the law firm Hicks & Smith, PLLC, was appointed as the Substitute Trustee over certain property located in Columbus, Mississippi. Plaintiff Wilbur Colom purchased the property at a non-judicial foreclosure sale conducted by Defendant Smith on December 12, 2008. On April 2, 2009, Colom transferred the property to his wholly-owned limited liability company, Genesis Air, LLC. Prior to the foreclosure sale of the property, the Internal Revenue Service (IRS) had filed several notices of tax liens against the property. Colom alleges that he specifically asked Smith whether proper notice had been given to the IRS to have the liens removed.[1] However, the IRS to this date has refused to remove the liens from the property, claiming the notice of sale was deficient in that it was sent to the wrong address and failed to provide the required notice.

---

[1] Written notice must be given to the IRS in accordance with regulations prescribed by the Secretary of Treasury at least twenty-five days in advance of a non-judicial foreclosure sale of property on which the United States has or claims a lien. See 26 U.S.C. § 7425(b), (c). If proper notice is not given, any such sale is made subject to and without disturbing the United States' tax liens. See 26 U.S.C. § 7425(b)(1).

Colom and Genesis Air, LLC (collectively Plaintiffs) filed this action against Nelson Smith, Hicks & Smith, PLLC, (collectively Hicks) and the United States of America. The Complaint avers:

21. Plaintiff is now faced with a Cloud of Title upon the property caused by the actions, inactions, or omissions of the Defendants.

22. The Cloud of Title upon the Property has caused a diminution in value of the Property wherein the Plaintiff cannot offer merchantable title to the Property or take any market reasonable action to mitigate his damages.

As relief, the Complaint, *inter alia*, requests:

1. That this Court determine and declare that the Defendants are liable to pay and indemnify Plaintiff for all damages, costs and payments incurred or to be incurred by Plaintiff with respect to any and all claims related to the sale and purchase of the Property or for which it is otherwise may be entitled or liable with respect to the property; and

2. Enter a Declaratory Judgment as to whether adequate notice was provided Defendant Internal Revenue Service, as agency of the United States of America; and

3. Remove the cloud from the title to Plaintiff's property, or order a sum to be paid by Smith to satisfy their claim.

Hicks has now filed a Motion to Dismiss arguing that Colom, as an individual, lacks standing to bring this action because he no longer has any interest in the subject property, and therefore has failed to allege an injury in fact sufficient to meet the standing requirements of this court.[2]

## DISCUSSION

A motion to dismiss premised on Rule 12(b)(1) attacks the court's jurisdiction to hear and

---

[2]Although the Motion to Dismiss is ostensibly brought, "pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and/or Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction," Hicks' argument – that Colom individually lacks standing because he has suffered no injury in fact – is one of justiciability and is properly analyzed under Rule 12(b)(1) rather than 12(b)(6). See Blanchard 1986, Ltd. v. Park Plantation, LLC, 553 F.3d 405, 409 (5th Cir. 2008).

decide any issues in the case. FED. R. CIV. P. 12(B)(1). A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted "only if it appears certain that the plaintiffs cannot prove any set of facts in support of their claims that would entitle them to relief." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

Article III of the Constitution confines the federal courts to adjudicating actual "cases" and "controversies." Allen v. Wright, 468 U.S. 737, 750, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984). In order to satisfy Article III's standing requirements, a plaintiff must show (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

Hicks argues that the Complaint alleges only one injury, a "cloud of title upon the property," and because Colom conveyed the property to Genesis, Colom no longer has any interest in the property. Therefore, according to Hicks, "Colom, as an individual, is not affected by the alleged cloud of title." Colom responds that he transferred the property to Genesis under a general warranty deed, and guaranteed to Genesis the five covenants known to common law, including the covenant of freedom from incumbrance. See MISS. CODE ANN. § 89-1-33 ("The word 'warrant' without restrictive words in a conveyance shall have the effect of embracing all of the five covenants known to common law, to wit: seizin, power to sell, freedom from incumbrance, quiet enjoyment and warranty of title."). Colom states that he is liable to Genesis for the tax liens, and possesses "an

3

affirmative obligation to do something about them."[3]

The covenant of freedom from incumbrance is a guarantee to the grantee that the property is not subject to any rights or interests that would diminish the value of the land such as mortgages, liens, and easements. Howard v. Clanton, 481 So. 2d 272, 275 (Miss. 1985). The covenant of freedom from incumbrance – if breached at all – is breached at the moment of conveyance. 25 WILLISTON ON CONTRACTS § 66:84 (4th ed. 2010). The fact that a purchaser has knowledge of the existence of an incumbrance on the land at the time of the purchase is no defense to the warrantor. Sutton v. Cannon, 100 So. 24, 26 (Miss. 1924).

If the covenant is breached due to a removable incumbrance, such as a lien, damages are limited to the reasonable expense of removing the incumbrance, not to exceed the value of the land. Century 21 Deep South Prop., Ltd. v. Corson, 612 So. 2d 359, 371 (Miss. 1993) (citing Simon v. Williams, 105 So. 487, 489 (Miss. 1925)). However, if the incumbrance is not removed by the owner, nor is his possession disturbed due to the incumbrance, then only a technical breach of the covenant has occurred and only nominal damages are recoverable. Id. Nominal damages are "[a] trifling sum awarded when a legal injury is suffered but when there is no substantial loss or injury to be compensated." BLACK'S LAW DICTIONARY 418 (8th ed. 2004). The rationale for this rule has been explained by the Mississippi Supreme Court as follows:

---

[3]Colom cites the case of Ferrara v. Walters, 919 So. 2d 876 (Miss. 2005), for the proposition that "Colom has a legal obligation to 'cure discovered defects in title,' and the failure to do so 'constitutes a material breach of the contract' with [Genesis]." However, Ferrara involved a real estate sales contract to render a warranty deed and expressly provided for a reasonable opportunity for the seller to cure discovered defects in the title before the conveyance. Id. at 881-83. The Court finds Ferrara to be inapposite; however, Colom may nevertheless be obligated to pay the liens at Genesis's request. See Sutton v. Cannon, 100 So. 24, 26 (Miss. 1924).

> A vendee suing on a covenant against incumbrances, who has extinguished the incumbrance, is entitled to recover the outlay for such extinction. But if he has not extinguished it but the incumbrance is outstanding, there is a mere technical breach of the covenant, and his damages are but nominal, for he ought not to be permitted to recover the value of an incumbrance on a contingency. He may never be disturbed by it. If he should be permitted to recover the value of the incumbrance, say in the form of a mortgage, the mortgagee might still resort to the mortgagor on his personal obligation and compel him to pay it. If the purchaser feels that the existing incumbrance is inconvenient to him and he does not want to hazard an eviction, he may satisfy the incumbrance and then resort to his covenant.

Simon, 105 So. at 489. However, there is also some authority for the proposition that a warrantor has an obligation to discharge an incumbrance at its maturity upon the demand of the grantee. Sutton, 100 So. at 26 (("[Purchaser] has the right . . . to demand that the warrantor discharge [the incumbrance] at its maturity, and upon his failure to do so the covenantee may either [pay the lien or surrender the property] and recover of the covenantor for a breach of the warranty."). Furthermore, although there is no Mississippi law addressing this point, some authority holds that an invalid incumbrance does not constitute a breach of the covenant at all. See 21 C.J.S. Covenants § 86 (2011). If the purchaser expends money removing an apparent but invalid incumbrance, the purchaser cannot recover even nominal damages under that covenant. Id.

Hicks responds that Colom has no standing as a warrantor because, "if anything, Plaintiff Genesis has suffered a mere technical breach of the warranty against [i]ncumbrances, Mississippi law dictates that Plaintiff Colom has no duty to defend the title and allows no claim to stand against Plaintiff Colom." Hicks cites as authority the cases of Simon v. Williams, 105 So. 487 (Miss. 1925) and Stokely v. Cooper, 116 So. 538 (Miss. 1928).[4]

---

[4]Hicks also cites the case of Watts v. Russell, 102 So. 833 (Miss. 1925), for the proposition that, in the alternative, "[Colom's] obligation, and therefore his standing, is limited to defending the title in equity against claims adverse to the title." Watts merely held that a vendor *may* maintain a suit in equity to quiet and confirm the title of his vendee against any

In Simon v. Williams, a purchaser, two years after purchasing property with the knowledge that it was encumbered by several liens, and after the property had been foreclosed upon under a separate deed of trust the purchaser had assumed, filed suit against the original seller to recover his purchase money based on a breach of the covenant of freedom from incumbrance. Simon, 105 So. at 487-89. The Mississippi Supreme Court affirmed the trial court's dismissal of the case, concluding "if there was a breach of the covenant against incumbrances because of the existence of the [liens], it was a mere technical breach; that appellant suffered no injury or damage therefrom, and has no right of recovery for the purchase money paid by him on the land." Id. at 490.

Similarly, in Stokely v. Cooper, a purchaser of property stopped making payments on her mortgage, and when it was foreclosed upon, filed suit in chancery court seeking relief from her mortgage payments under the theory that the seller of the property had breached the covenant of freedom from incumbrances when he sold the property. Cooper, 116 So. at 538-39. The Supreme Court affirmed the dismissal of her claim, holding, "we are of the opinion that the complainant, who, with full knowledge of the outstanding incumbrance, accepted the deed with the covenant of general warranty, must be remanded to the security and protection which she carved out for herself when she accepted the deed; and since there has been no eviction of the complainant, and her possession had been in no way disturbed or threatened by reason of the outstanding incumbrance, the [decision of the chancery court dismissing the case is affirmed]." Id. at 540.

Simon and Stokely are distinguishable from the present case, *inter alia*, in the fact that unlike the Plaintiffs in those cases, Colom is not alleging that Genesis is entitled to recover the purchase price of the property. Colom simply asserts that he is "liable to [Genesis] for any tax liens on the

---

person attacking the title by suits at law and does not support Hicks' broad assertion. Id. at 834.

subject property." Furthermore, the 1994 case of Century 21 Deep South Properties, Ltd v. Corson indicates that even if Colom only committed a technical breach of the covenant against incumbrances, Genesis still has a claim against Colom for at least nominal damages. See Corson, 612 So. 2d at 371. In Corson, the purchasers of a property obtained a $75,000 judgment for what amounted to only a technical breach of the covenant against incumbrances. Id. The Mississippi Supreme Court reversed the judgment and remanded, rather than dismissed, the case for a determination of nominal damages. Id. at 371-72.

Colom's Complaint requests "this Court determine and declare [Hicks] liable to pay and indemnify [Colom] for all damages, costs and payments incurred or to be incurred by [Colom] with respect to any and all claims related to the sale and purchase of the property." The Court finds Colom's asserted injury – that due to the negligence of Hicks, he breached his covenants of warranty to Genesis and is now liable or potentially liable to Genesis in some amount – to be a sufficiently concrete and particularized injury to confer standing in this litigation. The Court finds this alleged injury can be fairly traced to the actions of the Defendants, and it is likely that the injury can be redressed by a favorable decision.[5] Therefore, the Court denies Defendant Hicks' Motion to Dismiss.

---

[5]This, of course, assumes Colom receives a favorable decision. See Blanchard, 553 F.3d at 409 ("[O]nce a plaintiff has suffered sufficient injury to satisfy the 'case and controversy' requirement of Article III, 'jurisdiction is not defeated by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.'") (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)).

## **CONCLUSION**

The Motion to Dismiss [26] is DENIED.

SO ORDERED on this, the 30th day of March, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**