**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**GENESIS AIR, LLC, and
WILBUR O. COLOM**                                                                  **PLAINTIFFS**

**V.**                                                                **CAUSE NO. 1:09-CV-308-SA-DAS**

**UNITED STATES OF AMERICA,
NELSON SMITH, and HICKS & SMITH, PLLC**                          **DEFENDANTS**

**MEMORANDUM OPINION**

Before the Court are cross-motions for summary judgment [84, 80] brought by Plaintiffs

Genesis Air, LLC (Genesis) and Wilbur Colom, and Defendants Nelson Smith and Hicks & Smith,

PLLC, respectively. The Court finds as follows:

**BACKGROUND FACTS**

In October of 2000, Maurice Webber, owner of a parcel of real property located in Columbus,

Mississsippi, granted a deed of trust to the property to Golden Triangle Planning and Development

District ("GTPDD") in the amount of $137,500.00. On January 25, 2001, Webber executed a

promissory note to Union Planters Bank in the amount of $350,106.50, payment of which was

secured by a second deed of trust to the property. Webber fell behind on his federal taxes, and the

Internal Revenue Services (IRS) filed notices of federal tax liens against Webber and his property

on August 2, 2001, and January 31, 2003. On March 24, 2005, Union Planters assigned its deed of

trust, along with the associated indebtedness, to Colom in exchange for a promissory note in the

amount of $296,750.00.

Shortly after the Union Planter's deed of trust was assigned to Colom, Webber defaulted on

both of the notes. Initially, Colom prepared to foreclose on the property. However, he cancelled the

pending foreclosure after learning that his attorney had failed to properly notify the IRS so as to

effect a discharge of the tax liens.  On November 6, 2008, Smith was appointed as substitute trustee by GTPDD to foreclose on the note.   The foreclosure sale was to occur on December 12, 2008.

Smith published notice of the foreclosure sale as required by Mississippi law.  The notice of foreclosure stated, among other things, "Title to the property is believed to be good, but I will sell only such title as is vested in me."  Smith also attempted to notify the  IRS of the impending foreclosure sale in order to extinguish the tax liens. However,  for reasons discussed in this Court's prior opinion [108], these notices were ineffective because they were not sent to the proper office and were sent by an incorrect method.

On December 12, 2008, Smith conducted the foreclosure sale.  Shortly before the sale commenced, Colom and his attorney, Tom Segrest, asked Smith about the notice to the IRS.  Smith responded that he had sent the notice.  However, the substance of this conversation is disputed.  According to Smith:

> A. Mr. Segrest asked did I send notice to the IRS, and I said, "Yes." And one of them—my recollection is Mr. Segrest—asked, "Did you get anything back from them?"  And I said, "No."  And Mr. Segrest asked, "Do you think that's sufficient?"  And I said, "I don't know. . . . All I know is that I sent them notice."  And then I asked, "Do you wish to proceed?  Do you want to proceed? "And they said, "Yes."

According to Colom:

> A. Again, Tom and I said, "You know, one thing we want to be sure about, is did you get that notice out to the IRS."  He said, "I'm sure of it.  Really, I sent it Federal Express."  And you know, I have a recollection that I saw a letter or some document he sent to the IRS, and it had a date on it.  And we asked him, "How did you send it?"  And they said, "I sent it Federal Express, next day delivery.  10:00 o'clock."  It had the date on it.  We said, "Well, was it delivered?"  He said, "Yes."
> . . .
> Q. Okay.  And after y'all looked at that, what did y'all decide?
> A. It looked in order to us.
> Q. To you and Tom both?

A.    Yeah.

Colom also asserts in an affidavit that, "At the foreclosure on December 12, 2008, Nelson Smith assured me and my attorney, Tom Segrest, that the IRS had been properly notified of the foreclosure." Colom further asserts that had Smith not assured him that the IRS had been properly notified, he would not have purchased the property and would have immediately attempted to halt the sale

Colom was the only bidder at the foreclosure sale and purchased the property for $83,151.13. Sometime shortly thereafter, Smith conveyed the property to Colom via a substituted trustee's deed. The deed states, in pertinent part, "Title to the property is believed to be good, but I am conveying only such title as is vested in me as Substituted Trustee." On December 30, 2008, Colom sent Smith an email requesting a copy of the notice he sent to the IRS. However, the IRS refused to release its liens on the property, alleging the notice of the foreclosure sale was deficient. On April 2, 2009, Colom conveyed the property to his wholly owned limited liability company, Genesis Air, LLC.

Colom commenced this action seeking a declaratory judgment regarding the validity of the tax liens as well as damages against Smith and his law firm, Hicks & Smith, PLLC (collectively "Smith"). In a previous opinion [108], this Court determined that the notice provided to the IRS was deficient as a matter of law because it was sent to the wrong address and by an improper method; therefore, the tax liens continue to encumber the property. The Court now addresses Colom and Genesis Air's claims against Smith.

**SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

3

Civ. P. 56(a). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

## DISCUSSION

Plaintiffs Colom and Genesis Air seek summary judgment in their favor regarding Smith's liability on claims for negligence, breach of fiduciary duty, negligent misrepresentation, and fraudulent misrepresentation, and seek a hearing for a determination of damages. Defendant Smith seeks summary judgment as to all claims brought by Colom and Genesis.

**I.      Background**

Before these claims may be analyzed, it is necessary to provide a brief overview of Mississippi's non-judicial foreclosure process.  Mississippi has adopted non-judicial foreclosure of mortgages and deeds of trust on real property.  People's Bank & Trust Co. v. L & T Dev., Inc., 434 So. 2d 699, 708 (Miss. 1983); MISS. CODE ANN. § 89-1-55.  Under this process,  a grantor/debtor conveys real property to a trustee, subject only to the requirements that the grantor/debtor perform the conditions of the deed of trust.  People's Bank & Trust Co., 434 So. 2d at 708.  Upon default by the debtor in the performance of the conditions of the trust, the trustee is empowered to foreclose. Id.  If one or more of the substantive conditions of the deed of trust have been breached substantially by the debtor/grantor, and if the trustee has complied with all of the procedural requisites (imposed by statute or by the trust deed itself), the foreclosing trustee's power to convey is as though he holds title by deed.   Id.

This system is "at best a superficial analogy to a trust. The underlying reality is that the deed of trust under our law is little more than a common law mortgage with a power to convey in the event of default. The trustee is little more than an agent, albeit for both parties, and the writing prescribes his duties."  Wansley v. First Nat. Bank of Vicksburg, 566 So. 2d 1218, 1223 (Miss. 1990).   Generally, by the trustee's deed, the trustee "has the exact same power to convey free and clear of junior liens or interests as though he held a deed absolute filed for record the day the deed of trust was recorded."  Id.  However, federal law creates an exception to this rule in that a non-judicial foreclosure sale will not extinguish federal tax liens, even though they are in an inferior position to the foreclosing creditor's lien, unless notice of the sale is given to the IRS according to regulations prescribed by the Secretary of the Treasury. 26 U.S.C. § 7425(b), (c).

If proper notice is not given, any such sale is made subject to and without disturbing the United States' tax liens. 26 U.S.C. § 7425(b)(1). In other words, "if the proper type of notice required by federal statute is not afforded where so required, the federal tax lien then remains unaffected by the foreclosure process and will follow the property into the hands of the subsequent purchaser . . . ." Myers v. United States, 647 F.2d 591, 596 (5th Cir. 1981). This Court has previously determined that the notice Smith attempted to provide to the IRS regarding the foreclosure was insufficient to extinguish the tax liens. Against this background, the Court now turns to what, if any, liability Smith has to Colom or Genesis.

## II.    Claims of Colom

### A.    Breach of Fiduciary Duty

Colom first argues that Smith breached fiduciary duties owed to him as a purchaser and as a junior lienholder on the property. This argument is not well taken. Colom has cited no authority for the proposition that a foreclosing trustee owes a fiduciary duty to the purchaser of the property or junior lienholders. Instead, "The trustee is the agent of both parties [debtor and foreclosing creditor]" and "it is the trustee's duty to sell the land in such a manner as will be most beneficial to the debtor." Lake Hillsdale Estates, Inc. v. Galloway, 473 So. 2d 461, 465 (Miss. 1985). Colom argues that "a fiduciary relationship exists when a party must rely on another . . . and the relationship between the trustee and the purchasers of property is based on reliance." However, as Smith points out, Colom is describing a feature common to every sale of property. The Mississippi Supreme Court has stated that a fiduciary relationship may exist in the following circumstances:

> (1) the activities of the parties go beyond their operating on their own behalf, and the activities [are] for the benefit of both; (2) where the parties have a common interest and profit from the activities of the other; (3) where the parties repose trust in one

6

another; and (4) where one party has dominion or control over the other.

Holland v. Peoples Bank & Trust Co., 3 So. 3d 94, 101 (Miss. 2008) (citations omitted). Colom has

produced no evidence from which a juror could conclude that a fiduciary relationship existed

between Smith and himself; therefore, the Court GRANTS Smith's Motion for Summary Judgment

as to this issue. Colom's Motion for Summary Judgment as to this issue is DENIED.

**B.      Negligence**

Colom next argues that Smith is liable to Colom because he was negligent in failing to give

proper notice to the IRS. To prevail in any type of negligence action, a plaintiff must show (1) the

existence of a duty to conform to a specific standard for the protection of others against the

unreasonable risk of injury; (2) a breach of that duty; (3) causal relationship between the breach and

alleged injury; and (4) injury or damages. Laurel Yamaha, Inc. v. Freeman, 956 So. 2d 897, 904

(Miss. 2007) (citations omitted). Whether a duty exists in a negligence case is a question of law to

be determined by the Court. Enterprise Leasing Co. v. Bardin, 8 So. 3d 866, 868 (Miss. 2009).

Therefore, as an initial matter, this Court must determine what, if any, duty Smith owed to Colom.[1]

The Mississippi Supreme Court has stated, "Provisions of law mandating, regulating and

governing . . .  sales under deeds of trust are constitutional and statutory in this state." Lake

Hillsdale, 473 So. at 464.[2] The conduct of a sale under a deed of trust is governed by the provisions

---

[1]The Court has not been provided, nor has the Court been able to locate, any Mississippi cases where a purchaser of property at a foreclosure sale has sued, whether under a theory of negligence or otherwise, the trustee for improperly conducting the foreclosure sale. Generally, the caselaw concerning the duties of a trustee are in the context of a debtor seeking to have a foreclosure sale set aside for some defect in the foreclosure process.

[2]Article 4, Section 111 of the Mississippi Constitution provides as follows:

Section 111: All lands comprising a single tract sold in pursuance of

of the deed of trust to the extent that the provisions do not conflict with the statute. Id. at 465. "A

foreclosure under the power of sale is properly conducted if the constitutional, statutory, and

contractual requirements entered into by the parties are met." Id. As the applicable constitutional

provision is not relevant to this action, the Court first looks to the statute the Mississippi legislature

has enacted prescribing the duties of the trustee. Mississippi Code Section 89-1-55 provides:

> **How lands sold under mortgages and deeds in trust.** All lands comprising a single tract, and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust, shall be sold in the manner provided by section one hundred eleven of the constitution for the sale of lands in pursuance of a decree of court, or under execution. All lands sold at public outcry under deeds of trust or other contracts shall be sold in the county in which the land is located, or in the county of the residence of the grantor, or one of the grantors in the trust deed, provided that where the land is situated in two or more counties, the parties may contract for a sale of the whole in any of the counties in which any part of the land lies. Sale of said lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or, if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time, and such notice and advertisement shall disclose the name of the original mortgagor or mortgagors in said deed of trust or other contract. No sale of lands under a deed of trust or mortgage, shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary. An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten-year statute of adverse possession.

MISS. CODE ANN. § 89-1-55. The statute dictates what notice must be provided, and on its face, does

not require notice of any sort to junior lien holders, much less the sort of specialized notice to the

IRS that Colom is charging Smith with the duty of providing. The Mississippi Supreme Court has

---

> decree of court, or execution shall be first offered in subdivisions not exceeding one hundred and sixty acres, or one quarter section, and then offered as an entirety, and the bid price for the latter shall control only when it shall exceed the aggregate of the bids for the same in subdivisions as aforesaid; but the chancery court, in cases before it, may decree otherwise if deemed advisable to do so.

refused to recognize a duty to provide notice other than that provided for in the statute. See, e.g., Tishomingo Sav. Inst. v. Duke, 1 So. 165, 167-68 (Miss. 1887) ("The debt secured was unquestionably due. The method for giving notice was expressly provided, and no creditor or other person interested was entitled to any other notice."); Crystal v. Duffy, 493 So. 2d 942, 944-45 (Miss. 1986) ("[A] party holding a secondary deed of trust has no right to notice of foreclosure.") (citing § 89-1-55)); see also Baxter Dunaway, 5 LAW OF DISTRESSED REAL ESTATE § 74:35 (2010) ("No statutory or case law requirement exists for the trustee or the lender to give any notice of the sale other than the publication and posting of the trustee's notice of sale.").[3]   In any event, Colom has failed to argue that Smith failed to comply with § 89-1-55.  Nor does Colom assert that Smith failed to comply with any conditions in the deed of trust regarding the conduct of the sale.

Instead, Colom argues that Smith owed Colom, as a purchaser, a common-law duty to notify the IRS of the foreclosure sale independent of the statute or the deed of trust itself.  Colom relies on language in Lake Hillsdale Estates, wherein the Mississippi Supreme Court stated, "[i]n a deed of trust the trustee is under a duty to perform his duties in good faith and act fairly to protect the rights of all parties equally," 473 So. 2d at 465, for the proposition that Smith owed Colom, as the purchaser, a duty to act in good faith and protect his rights.  This argument is unavailing.  The language in Lake Hillsdale, viewed in context, is discussing the duties a trustee owes to the foreclosing creditor and the debtor, as the language before and after the sentence illustrates:

_____

[3]Colom has not cited to, nor has this Court located, any federal statute or regulation which would impose a duty on the trustee or foreclosing creditor to provide notice to the IRS.  One California appellate court to consider the question concluded, "[t]he statute does not require the trustee to give notice to the United States, but merely provides that the lien will not be extinguished if 'the United States is not given notice of such sale.'  Since notice is not required, [the foreclosing creditor] did not violate a duty owed under law by failing to give it." Diediker v. Peelle Financial Corp., 60 Cal. App. 4th 288, 294 (Cal. Ct. App. 1997).

> The duty and liability of a trustee in a deed of trust has been addressed by this Court. The trustee is the agent of both parties. <u>Lee v. Lee</u>, 236 Miss. 260, 109 So.2d 870 (1959); <u>Rawlings v. Anderson</u>, 149 Miss. 632, 115 So. 714 (1928). *In a deed of trust the trustee is under a duty to perform his duties in good faith and act fairly to protect the rights of all parties equally*. <u>Webb v. Biles</u>, 192 Miss. 474, 6 So.2d 117 (1942). However, the trustee cannot generate bidders, but it is the trustee's duty to sell the land in such a manner as will be most beneficial to the debtor. <u>Rawlings, supra</u>. The trustee has no statutory authority nor discretion to refuse to accept a bid. <u>Wilkinson v. Federal Land Bank of New Orleans</u>, 168 Miss. 645, 151 So. 761 (1934).

<u>Lake Hillsdale</u>, 473 So. 2d at 465 (emphasis added).[4]

Colom next argues that the court should find that a common law duty exists because a trustee's failure to notify the IRS creates an "unreasonable risk" to the purchaser. According to Colom, otherwise, every purchaser will have to conduct their own title search to ensure there are no federal tax liens encumbering the property, and if purchasers discover such liens, they will have to buy the property with the risk that the tax liens remain with the property.[5]  However, the Mississippi Supreme Court has stated, "Caveat Emptor still reigns at foreclosure sales." <u>Hill v. Thompson</u>, 564 So. 2d 1, 11 (Miss. 1989) (citing <u>Feldman v. Rucker</u>, 201 Va. 11, 20, 109 S.E. 2d 379, 385–86 (1959); <u>Ivrey v. Karr</u>, 182 Md. 463, 473, 34 A.2d 847, 852 (1943); <u>Adams v. Boyd</u>, 332 Mo. 484, 490, 58 S.W.2d 704, 707 (1933); <u>American Law of Property</u>, § 16.211 (1952)).  The cases cited by the court for this statement are illustrative.  In <u>Feldman</u>, the Virginia Supreme Court elaborated the rationale for the application of the rule of caveat emptor as follows:

---

[4]In <u>Webb v. Biles</u>, cited in support of the italicized passage, the court stated: "The trustee in a deed of trust is supposed to be non-partisan and must in the performance of his duties exercise good faith and act fairly to protect the rights of all parties-the one equally with the other."  192 Miss. 474,  6 So. 2d 117 at 120 (1942).

[5]Contrary to this assertion, a prospective purchaser may contact the IRS to learn if adequate notice of the sale was provided.  <u>See</u> 26 C.F.R. § 301.7425-3(d)(4) (Effective July 8, 2008) ("The IRS is authorized to disclose, to any person who has a proper interest, whether an adequate notice of sale was given.").

Such a trustee is an agent acting under a power of sale. He has no powers except those conferred upon him by the deed of trust. He is agent for both parties, the owner and the lienor, under duties to them. Among those duties is that of bringing 'the property to the hammer under every possible advantage to his *cestui que trusts*,' using all reasonable diligence to obtain the best price. To the bidders he owes no duty except to refrain actively from doing anything to hamper them in their search for information or to prevent the discovery of defects by inspection. He is under no duty to make representations or to answer questions; but if questions are asked and he undertakes to answer, then such answers must be full and accurate - nothing must then be concealed.

Feldman, 201 Va. at 20, 109 S.E. 2d at 385-86.  Similar, in Ivrey, the Maryland Supreme Court

stated:

As a general rule, we do not think it is the duty of the assignee or trustee, in selling property, upon which prior incumbrances exist, to ferret out the exact state of such liens, and ascertain how much, if any, may be due upon them. The rule of caveat emptor excludes such rigid exaction of a trustee. * * * This may not have been his duty; buy [sic] if he was not bound to inquire or make any statement respecting the amount of arrears, the trustee was bound, if he undertook to make any statement respecting it, to be sure that the statement he did make was, at least, approximately accurate, and not in anywise misleading.

Ivrey, 182 Md. at 473, 34 A.2d at 852.  Colom asserts no authority in support of this argument, and

in light of the foregoing authority, the Court finds this argument is not well taken.

Colom next argues that Smith's failure to properly notify the IRS breached the trustee's duty

"to conduct the sale in a commercially reasonable manner."  In Wansley, the Mississippi Supreme

Court held that, "Subject to our otherwise governing statutes . . . Every aspect of the sale, including

the method, advertising, time, place and terms, must be commercially reasonable."  Wansley, 566

So. 2d at 1225.  Again, however, in context, the Wansley court was describing the duty a foreclosing

creditor owes the debtor in order to receive a deficiency judgment.  Id. at 1222-1225.  Colom has

provided no authority to support his contention that a trustee or foreclosing creditor owes a

*purchaser* at a foreclosure sale any such duty.  Furthermore, to the extent a duty to conduct the

11

foreclosure sale in a reasonable manner exists, it exists "subject to" the governing statutes.  Id.

In E.B., Inc. v. Allen, the Mississippi Supreme Court explicitly rejected the idea that a foreclosing creditor is under an obligation to provide any notice beyond that prescribed by the governing statute or the deed of trust itself.  722 So. 2d 555, 561 (Miss. 1998).  The Court stated:

> The chancellor found that the bank had failed to give notice to Allen of the foreclosure. Under the power of sale provisions set forth in MISS. CODE ANN. §§ 89-1-55, 89-1-57, and 89-1-59 (1991), EB did all that it was required to do. In fact, Allen did not allege and the chancellor did not find that EB had failed to comply with the statutory notice provisions. The chancellor seemed to find that EB owed some extraordinary notice to Allen. As EB argues, any requirements beyond those expressed in the applicable statutes are determined by the provisions of the note and deed of trust. Lake Hillsdale Estates, Inc. v. Galloway, 473 So. 2d 461, 465 (Miss.1985). The note and deed of trust in the case sub judice required no such extraordinary notice. *Notice that meets the statutory requirement is always sufficient and additional requirements are not to be added.*
> . . .
> EB gave the proper notice under Miss.Code Ann. § 89-1-55 (1991), and that is all that was required.

Id. (emphasis added).  Although Allen involved a debtor suing the foreclosing creditor for wrongful foreclosure after the creditor failed to provide actual notice of the foreclosure, the principle seems equally applicable here. The Mississippi legislature clearly delineated the obligations of a party conducting a nonjudicial foreclosure in § 89-1-55, and could have—but  failed to—include a requirement to send notice to the IRS in order to effect the release of federal tax liens.  There has been no allegation that Smith failed to comply with the statutory notice procedures or a provision of the deed of trust.  Instead, just as the plaintiff in Allen, Colom urges this Court to find that Smith had a duty to provide "extraordinary" notice to the IRS.  Given the Mississippi Supreme Court's admonishment in Allen that, "notice that meets the statutory requirement is always sufficient and additional requirements are not to be added, " this position is untenable.  The Court must conclude

that Colom has failed to demonstrate the existence of a common-law duty on the part of Smith to provide notice of the sale to the IRS. Cf. Enterprise Leasing Co., 8 So. 3d at 870-71 ("[Plaintiff] asks this Court to find a common-law duty even though the Legislature already has set the parameters of a rental company's duty . . . [Defendant] met the duties the Legislature demands, and this Court declines to create a new duty.").

In conclusion, "[c]aveat emptor still reigns at foreclosure sales." Hill, 564 So. 2d at 11. Because Colom has failed to establish the existence of a duty, his negligence claim must fail. Therefore, Smith's Motion for Summary Judgment is GRANTED as to this issue; Colom's Motion for Summary Judgment is DENIED.

## C. Negligent Misrepresentation

Colom argues that Smith's representation that the IRS had been properly notified of the foreclosure sale amounted to a negligent misrepresentation. In order to establish a claim for negligent misrepresentation, a plaintiff must prove the following elements: (1) a misrepresentation or omission of a fact, (2) that the representation or omission is material or significant, (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities, (4) that the plaintiff reasonably relied upon the misrepresentation or omission, and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance. Mladineo v. Schmidt, 52 So. 3d 1154, 1164-65 (Miss. 2010) (citing Hazlehurst Lumber Co., Inc. v. Miss. Forestry Comm'n, 983 So. 2d 309, 313 (Miss. 2008)).

Colom claims that Smith's statement that proper notice was given amounted a misrepresentation of an existing fact, that the representation was significant, and that Colom

reasonably relied on this statement to his detriment. Smith admits to representing to Colom that the notice was sent. However, he denies ever representing that "proper" notice was sent. Colom disputes this, alleging in his affidavit that Smith represented that proper notice was given.

Next, Smith argues that there is no evidence that Colom reasonably relied on the misrepresentation. Smith argues that Colom relied on his and his counsel's evaluation of the documents handed to Colom at the counsel table instead of any statement by Smith. However, viewing the evidence in the light most favorable to Colom, a reasonable juror could conclude that Colom reasonably relied on Smith's alleged assurance that proper notice was provided.

Smith next argues that "any statements made prior to the conveyance merged into the Substituted Trustee's Deed" and "Colom's allegations regarding these oral assurances cannot support this cause of action against Smith because such allegations are precluded under the parol evidence rule." Smith has cited no relevant authority in support of this contention.[6] While it is true that one may not reasonably rely on oral representations, whether negligently or fraudulently made, which contradict the plain language of a document, see Ballard v. Commercial Bank of DeKalb, 991 So. 2d 1201, 1207 (Miss. 2008), there is nothing in the trustee's deed that would render Colom's reliance on Smith's alleged pre-sale statement unreasonable as a matter of law. The trustee's deed is silent regarding notice to the IRS.

Finally, Smith argues that the only damages Colom can allege stem from his liability, or potential liability to Genesis. However, although the extent of the damages to Colom are unclear

---

[6]Smith's arguments regarding whether the substituted deed of trust constituted the entire agreement with Colom would be relevant if Colom was suing Smith for a breach of contract, rather than in tort. There is nothing in the substituted deed of trust that could be reasonably construed as a waiver of the misrepresentation claim Colom is asserting, and the oral representation Colom alleges he relied on is not contradicted by the substituted trustee's deed.

due to the conveyance of the property to Genesis, Colom has presented facts from which a juror could conclude he suffered damages in reliance on Smith's statement. In particular, he asserts in his affidavit that he would not have purchased the property but for Smith's assurances regarding notice to the IRS. He also asserts that the problems with the title prevented him from selling the property and delayed rental of the property.

Genuine issues of material fact exist as to Colom's negligent misrepresentation claim. Accordingly, there are disputed issues for the trier of fact. Therefore, Smith's Motion for Summary Judgment is DENIED as to this issue, and Colom's Motion for Summary Judgment is DENIED as to this issue.

**D.      Fraud**

Colom next contends that Smith's statement immediately prior to the foreclosure sale that notice had been given constituted fraud. The Court first notes that Colom failed to plead fraud in his complaint. Fraudulent and negligent misrepresentation are two distinct causes of action. Spragins v. Sunburst Bank, 605 So. 2d 777, 780 (Miss. 1992). The basis for damages resulting from a negligent misrepresentation is the lack of care; the basis of damages resulting from fraud is the want of honesty. Holland v. Peoples Bank & Trust Co., 3 So. 3d 94, 100 (Miss. 2008). Claims of fraud must be plead with particularity. FED. R. CIV. P. 9(b). Regarding his claims for misrepresentation, the complaint states "If Smith did not give notice as required by law, he was negligent. Further, he made false representation [sic] to Colom upon which he reasonably relied." A claim which is not raised in the complaint, but rather, is raised only on summary judgment is not properly before the court. Cutera v. Bd.of Supervisors of La. State Univ., 429 F.3d 108, 113-14 (5th Cir. 2005). Therefore, the Court GRANTS Smith's Motion for Summary Judgment as to this issue;

15

Colom's Motion for Summary Judgment as to this issue is DENIED.

### III.    Claims of Genesis Air, LLC

Smith additionally seeks a dismissal of all claims of Genesis Air.  The extent of Genesis's involvement in the events of this case seem to be that on April 2, 2009, Colom conveyed to Genesis Air the subject property under a warranty deed, and Genesis Air currently holds title to the property. It is unclear, both from the complaint and the motions for summary judgment, exactly what, if any claims, Genesis is asserting against Smith.  Colom refers to himself and Genesis collectively as "Colom" throughout the complaint, his motion for summary judgment and in his responses to Smith's motions. In his deposition, Colom stated the following:

> Q.    Okay.  Let's walk through it here for a minute.  Did Genesis Air play any part, whatsoever, in the foreclosure.
> A.    No.
> Q.    Did Genesis Air ever have any discussions with Nelson Smith?
> A.    No.
> Q.    Genesis Air's claim is against you, isn't it?
> A.    Yes.
> . . .
> A.    But, I mean, I don't think there's any difference between Genesis Air and me because I wholly own –
> Q.    So now you – do you want to do a merger of them?  Be careful here.  Don't go there.
> A.    No. Genesis Air is LLC, is my understanding.
> Q.    Is it a separate entity?
> A.    It's a separate entity.

Genesis fails to provide any summary judgment evidence or argument specifically supporting the claims, if any, that Genesis is asserting against Smith. Therefore, Smith's Motion for Summary Judgment is GRANTED as to any claims Genesis may be asserting against Smith in this action.

### CONCLUSION

Defendant Smith's Motion for Summary Judgment [80]  is GRANTED in part and DENIED

in part; Colom's Motion for Partial Summary Judgment [84] is DENIED.

SO ORDERED on this, the 1st day of August, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**