**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**GENESIS AIR, LLC, and
WILBUR O. COLOM**                                                                                        **PLAINTIFFS**

**V.**                                                                **CAUSE NO. 1:09-CV-308-SA-DAS**

**UNITED STATES OF AMERICA,
NELSON SMITH, and HICKS & SMITH, PLLC**                   **DEFENDANTS**

**MEMORANDUM OPINION**

The factual and procedural background of this complicated litigation can be found in the Court's prior Memorandum Opinions [108, 110] addressing the parties' Motions for Summary Judgment. A jury trial on Plaintiff Colom's negligent misrepresentation claim against the Smith Defendants was set to begin on January 9, 2011. On that day, it was determined that the action could not proceed without a final determination of the amounts and relative priority of the competing liens held by Colom and the United States. The trial was canceled and additional briefing was had on this issue.

This Court set a hearing on February 6, 2012 to hear arguments "regarding any outstanding issues between Plaintiffs and the United States of America in this action which have not been resolved by this Court's summary judgment rulings." As argued in their briefs and at the hearing, Plaintiffs and the Smith Defendants contend that: (1) Pursuant to 28 U.S.C. § 2410, the Court should extinguish the United States' tax liens because they are valueless, or (2) regardless of whether the Court releases the tax liens, the Court should enter a final judgment pursuant to Rule 54(b) regarding the status of the liens. For the following reasons, the Court declines to release the tax liens at issue but does find entry of judgment pursuant to Rule 54(b) to be appropriate.

I.      Releasing the tax liens via 28 U.S.C. § 2410 because they are "valueless."

Plaintiffs first argue that because Colom's security interest exceeds the value of the subject property, the United States' tax liens are "valueless" and this Court is empowered by 28 U.S.C. § 2410 to remove the liens.

The Court does not find this argument to be well taken for the following reasons. First, this argument is untimely. This issue was not raised on summary judgment or listed in the Pre-trial Order [123] (PTO) completed by the parties on August 5, 2011. The PTO, which was signed by all parties, states without objection that "No factual issues remain in this litigation regarding the claims asserted against the United States. As a result, there is no need for the United States to participate in the trial of this matter."

Second, the Court does not find this argument well taken on the merits. Colom argues that "Congress enacted 28 U.S.C. § 2410 to give Courts the ability to release valueless federal tax liens from property." Section 2410 waives the United States' sovereign immunity in both quiet title and foreclosure actions. 28 U.S.C. §§ 2410(a)(1),(2); Estate of Johnson, 836 F.2d 940, 943 (5th Cir. 1988).[1]

---

[1]The Fifth Circuit described the history of section 2410 as follows:

> Under section 2410 as originally enacted in 1931, the government consented to be made a defendant in suits "for the foreclosure of a mortgage or other lien upon real estate, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises involved." The words "to quiet title to" were added in 1942 as part of an amendment primarily intended to broaden the statute to include personal property. See Falik v. United States, 343 F.2d 38, 41 (2nd Cir. 1965). The addition of suits to quiet title resulted from a request of Attorney General, later Justice, Jackson in a 1941 letter to the Chairman of the Senate Judiciary Committee. In that letter,

Here, Colom is bringing suit under section 2410(a)(1) to "quiet title,"[2] not to foreclose his interest under section 2410(a)(2). It is undisputed that section 2410(a)(2) provides a vehicle to extinguish the federal liens through a judicial foreclosure. The United States argues that a quiet title action is not the appropriate vehicle to obtain the relief sought by Colom, and he should instead initiate a foreclosure in order to extinguish the tax liens. The Court agrees. As the Fifth Circuit has stated, it is an "unsound premise" that an action to quiet title "is one to extinguish the lien of the United States, rather than what it really is-a determination that a tax lien does not exist, has been extinguished, or is inferior in rank." United States v. Morrison, 247 F.2d 285, 291 (5th Cir. 1957); see also Progressive Consumers Fed. Credit Union v. United States, 79 F.3d 1228, 1232 (1st. Cir. 1996) ("we have held and reaffirm today that section 2410(a)(1) controversies encompass disputes concerning both the 'validity and priority of liens,' as distinguished from actions seeking 'their extinguishment in a manner not permitted by the statutes'") (quoting Remis v. United States, 273

---

> Jackson wrote that "justice and fair dealing would require that a method be provided to clear real-estate titles of questionable or valueless government liens." H.R.Rep. No. 1191, 77th Cong., 1st Sess. 2 (1941); S.Rep. No. 1646, 77th Cong., 2d Sess. 2 (1942); see also United States v. Perry, 473 F.2d 643, 645 (5th Cir.1973). The amendment "was in response to the recognized need for a way to force disputes over government tax liens to resolution, rather than leaving the United States in complete control of the timing." Id.; see also United States v. Brosnan, 363 U.S. 237, 246, 80 S. Ct. 1108, 1114, 4 L. Ed. 2d 1192 (1960) ("[The statute's] only apparent purpose is to lift the bar of sovereign immunity which had theretofore been considered to work a particular injustice on private lienors.").

Id.

[2]Part of the relief Colom seeks in his Amended Complaint is to "Remove the cloud from the title to Plaintiff's property" which has been held to fall within the "to quiet title" language of § 2410(a)(1). Norman v. United States, 962 F. Supp. 936 (S.D. Miss. 1996).

F.2d 293, 294 (1st Cir. 1960)); United States v. Brosnan, 363 U.S. 237, 246-47, 80 S Ct. 1108, 4 L. Ed. 2d 1192 (1960) ("The specific permission of [2410(a)] to institute a quiet-title suit against the United States obviously contemplates a declaration by the federal courts of previously created legal consequences. If a [section 7424 or section 2410] were invoked to extinguish a federal lien, a subsequent suit to quiet title obviously would not be necessary.").

Additionally, Congress has specifically provided a procedure for discharging a lien when the interest of the United States is valueless. See 26 U.S.C. § 6325(b)(2)(B); E.J. Friedman Co., Inc. v. United States, 6 F.3d 1355, 1358 (9th Cir. 1993). In the only opinion the Court could locate addressing this issue, the Ninth Circuit Court of Appeals held that "[t]o permit a party to discharge a 'valueless' lien in a quiet title action under § 2410 would be contrary to the provisions of § 6325(b)(2)(B) and would rob the Secretary of the discretion granted him by Congress." E.J. Friedman, 6 F.3d at 1358. The Court finds this to be an additional basis to deny Plaintiffs' request to extinguish or release the tax liens.

Finally, even if section 2410(a)(1) authorized the Court to grant Colom the relief sought, the Court finds that Colom has failed to offer any competent evidence that the United States' liens lack monetary value. The only evidence offered by Plaintiffs on this point is an appraisal prepared in December 2008, valuing the property at $325,000, and a Lowndes County tax assessment, printed on January 23, 2012 but containing no indication of when it was prepared, valuing the property at $272,000. By way of background, as stipulated in the PTO, prior to the foreclosure sale, Golden Triangle Planning & Development District (GTPPD) possessed a first lien on the property in the amount of approximately $83,000. Colom possessed a second lien on the property in the amount

of approximately $296,750.[3] The United States possessed a third lien in the amount of approximately $212,302.

For the first time in this litigation, Colom now claims that when he purchased the property at the foreclosure sale, he acquired not only title to the property but also GTPDD's first lien on the property. As the United States points out, "Plaintiffs have provided no evidence that either one of them at any time acquired the Golden Triangle interest or how they might have acquired it." Colom simply asserts that, "Once Mr. Colom purchased the property, he possessed both senior liens to it. . . ." and cites to Mountaineer Investments, LLC v. United States, 2009 WL 3747205 (S.D. Miss. Nov. 4, 2009). Mountaineer held that, under Mississippi law, when a lien holder acquires fee title to real property, there is no merger of the purchaser's lien into his title absent an expression of intent to do so. Mountaineer does not stand for the proposition that a purchaser at a foreclosure acquires both title to the property and the underlying deed of trust being foreclosed upon.

Colom next argues that the property has significantly decreased in value since the December 2008 appraisal, relying on the Lowndes County Tax Assessor valuation of $272,040. However, as the United States points out, while the assessment shows that it was printed out on January 23, 2012, it gives no indication of when the valuation was made or how it was prepared. At the hearing, no witnesses were called to lay a foundation for the introduction of these documents nor was any other evidence presented as to the value of the property. The Court finds, on the record before it, that Colom has failed to prove that the United States' liens lack monetary value. For this and all the foregoing reasons, the Court finds that the tax liens continue to encumber the property.

---

[3]The IRS stipulated in the PTO that, based on this Court's summary judgment rulings, this is the amount Colom may assert in priority to the United States' lien, but reserves the right to appeal at the appropriate time.

II.	Final Judgment as to the United States pursant to Fed. R. Civ. P. 54(b).

Colom alternatively seeks, regardless of whether the tax liens are released, that the Court enter final judgment against the United States. Rule 54(b) provides:

> **Judgment on Multiple Claims or Involving Multiple Parties**. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Court finds there is no just reason for delay for entry of a final judgment under Rule 54(b) as to all claims regarding the existence, amount, and priority of the competing liens at issue in this case as determined by this opinion, the Court's prior rulings, and the parties' stipulations in the PTO. A separate judgment shall issue in accordance with this opinion.

SO ORDERED on this, the 17th day of February, 2012.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**